[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 29, 1996
The plaintiff has filed a motion to have the verdict for the defendant set aside.
One of the grounds is that the court erred in excluding evidence from one of the plaintiff's witnesses that she had a terminal illness. Such evidence would have served to support the witness on the theory, according to the plaintiff, that since she knew she was dying she would have no reason to lie or perhaps she would not want to have a lie on her conscience when She knew she was facing imminent death. This matter was argued and ruled upon at trial and the court will rely on the prior ruling. Also to allow such evidence would interject prejudicial and distracting evidence into a trial and open up the possibility of having side hearings on whether in fact the witness's condition is terminal, what her life expectancy is, and what moral and religious beliefs she might have that would form a basis for the supposition that telling a falsehood in fact would be less likely considering her condition.
Another ground urged by the plaintiff is her understandable complaint over questions asked of her on cross examination by defense counsel. Counsel engaged in a line of questioning CT Page 1073 regarding plaintiff's arrest record-apparently the plaintiff was alleged to have been involved in an altercation with a former co-worker and the plaintiff was accused of vandalizing this person's car. Such questioning was clearly impermissible and counsel should have known that this was so. A witness can be impeached for a felony conviction — the matters sought to be explored by defense counsel did not involve a felony and there was no evidence to the court's memory that the plaintiff had even been convicted after her arrest. A witness can also be impeached by acts of misconduct but only if they go to veracity. The conduct here obviously did not go to veracity. There was no justifiable reason for engaging in this line of questioning. The trial did turn on whether a driveway where the plaintiff fell was in an icy condition — the plaintiffs testimony to the effect that it was, was contradicted by defense witnesses. Credibility therefore was an important factor in this trial since there was nothing in the way of objective evidence to shed light on the question of whether the driveway was icy or not. Evidence of misconduct can unfairly be used to weaken a witness's credibility in a jury's eyes where such misconduct should never have been disclosed to the jury.
Several factors, however, militate against setting aside the verdict in this case. The conduct sought to be explored was not of a peculiarly inflammatory nature which disclosed to the jury depraved or repetitive conduct that would render it impossible for a jury to credit this woman's testimony.
Also, when the purport of the questioning became clear, the jury was excused from the courtroom and the court immediately explored the cautionary instructions it would deliver to the jury. The jury was then brought back into the courtroom and was told to completely ignore what had transpired in what the court remembers to have been rather forceful terms. Counsel for the plaintiff vigorously objected to the impropriety of defense counsel's questioning but did not move for a mistrial so the court had to assume he was satisfied with the cautionary instruction. This incident happened early on in the trial and the mention of mistrial didn't come up until the plaintiff moved for a mistrial after the charge to the jury and then I believe after the verdict came in in the defendant's favor. The court denied these motions on these two occasions. Under the circumstances, I do not think it would be appropriate for the court to change its previously arrived at opinion some three months after the trial when nothing new has been advanced in CT Page 1074 support of the position that a mistrial should have been granted and at a point where due to the very passage of time the court is less able to properly take into account all the factors that go into making such a decision.
Finally, although to every rule there should be an exception, it seems to me that in civil trials especially a party should not be able to object to the reception of evidence, accept the cautionary instruction given regarding such evidence, not move for a mistrial then, after all the evidence is in and closing arguments are concluded, demand a mistrial. The opportunities for unfairness are obvious — a party could wait and see how his or her case goes, what evidence the other side presents, hear opposing counsel's argument and then move for a mistrial, arguing that the delay in requesting the remedy should have no effect at all on the court's decision. This seems unfair and permitting it is no way to properly deal with the impropriety of the improper evidence coming in in the first place. A court shouldn't be put in the position of giving to the originally wronged party a tactical advantage that would arise not from the effect of the prejudicial evidence but from the way in which the party who was prejudiced decided to deal with the intrusion of such evidence into the case when it was first presented.
The motion to set aside the verdict is denied.
Corradino, J.